[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIALSUMMARY JUDGMENT RE AETNA CASUALTY SURETY CO.
The plaintiff makes this motion for partial summary judgment, dated January 31, 1994, directed to the defendant Aetna Casualty Surety Company. The plaintiff claims that there is no genuine issue of fact as to its claim that Aetna was required to provide a defense as concerns the "directive" of the Department of Environmental Protection of the State of New Jersey, January 29, 1987, directing the plaintiff to pay certain costs of cleanup and disposal of leaking containers of hazardous substances at the Highpoint Landfill site in Franklin Township, New Jersey. The directive advises that if the order ia [is] not complied with, the Department will commence suit seeking reimbursement of costs incurred to accomplish the clean-up, and will seek three times the cost thereof, and will lien the plaintiff's property, all pursuant to the law of the state of New Jersey.
The plaintiff claims that the action of the New Jersey administrative agency is a "suit" under the terms of its policy with the Aetna. The defendant disputes this contention. The Court, Freed, J., determined an identical issue under New York law in the decision of November 29, 1993 as concerns the plaintiff's claim against the Hartford Accident and Indemnity Company concerning the orders of the Environmental Protection Agency of the State of Florida re the "Pictelville Road" landfill in Jacksonville, Florida. See that Memorandum of Decision, November 29, 1993, pages 8 through 14. This Court concurs with that well reasoned decision as concerns the question of "suit", and is in agreement with the plaintiff concerning its position that the New Jersey action is properly considered a suit under the terms of the Aetna contracts.
The Court rejects the defendant's assertion that the administrative agency's unilateral "findings" are binding, conclusive and non-contestable and therefore leave no issue of liability against which a defense could be asserted. Lack of notice and an opportunity to be heard
would implicate the entire administrative procedure as violative of the right to due process as guaranteed by the federal constitution.
The plaintiff claims that it gave notice to the defendant. The plaintiff transmitted to the defendant, and to The Travelers Insurance Company, a copy of the CT Page 6201 plaintiff's transmittal letter to "The Hartford" insurance company which included the "directive" of the New Jersey Department of Environmental Protection of January 28, 1987. The letter to "The Hartford" states "this claim is tendered to the Hartford for defense and indemnity." The defendant Aetna claims that this transmittal to the Aetna did not specifically request of the Aetna that the Aetna defend the action, and hence that the Aetna would have no duty to defend.
This appears to be a tenuous argument, at best. First, this Court knows of no rule of law or practice which mandates or suggests that when the process is delivered to an insurer, which commences suit "as heretofore described, an insured is required to specifically request that the insurer afford a defense.
The first paragraph of the policy states ". . . the Company shall have the right and duty to defend" . . . . It may be argued, in a hypothetical circumstance, that an insured can specifically waive the obligation to defend. However, even that proposition is questionable, as the insurer has the commensurate right to defend. Unilateral insistence by the insured that the insurer not defend the suit through the traditional means of choice of counsel by the insurer would likely breach the contract itself. The right to choose counsel and conduct the defense is an essential part of the contract, as it is the insurer's funds that are at stake in the first instance.
It appears further, factually, that the insurer understood that the presentation to it of the claim implicate its potential commensurate obligation to defend. The Aetna, in its letter to the plaintiff of December 1, 1987, states "Failure to cooperate . . . will jeopardize any coverage provisions that could be applicable to this claim, including the duty to defend." Nonetheless the defendant does have the right to attempt to prove waiver which raises a question of fact which cannot be determined by this motion.
The defendant does assert a further specific defense to the summary judgment motion, which must must ultimately be determined on a factual basis. The defendant asserts that the plaintiff failed to cooperate with the defendant CT Page 6202 under the paragraph of the policy which includes the general provision of "notice." The insurer, under Policy Condition 4(a) requires "written notice containing particulars sufficient to identify the insured, and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."
The defendant claims that it has requested of the plaintiff, and that the plaintiff has failed to provide information for almost seven years. The letter of December 28, 1987 from the Aetna to Reichhold, to which reference has been made heretofore, clearly requests the insured's cooperation in seeking relevant information. Such information was originally requested in detail by the Aetna's response letter to Reichhold almost nine months previous.
It is self-evident that the cooperation of an insured is an essential factor in the proper handling of suits and claims inmost instances. Provision 4e, to which the Aetna referred in its letter of December 21, 1987, referring to its request for information requested in the previous letter of March 26, 1987, reminded the plaintiff that its cooperation was sought and expected in the handling of this matter.
As is reflected in the plaintiff's reply memorandum, under New York law the insurer may have a duty to defend regardless of the failure of the insured to furnish information. See Fitzpatrick v. American Honda Motor Co.,575 N.E.2d 90 (NY 1991). Yet those principles must have some common sense limitations, as an insured is not enabled to adopt a "you are on your own" attitude in dealing with its insurer under circumstances where the information requested of the insured is relevant, material and not merely redundant as concerns the defense of the action. The contention of the defendant as to the lack of cooperation of the insured raises a legitimate question of fact which cannot be determined by this Court through a motion for summary judgment.
Lastly, this Court does not determine whether the CT Page 6203 allegations of the "directive" of the New Jersey Department of Environmental Protection are of such a nature as to call for a defense under the terms of the policy. Although the plaintiff appears to claim that the "directive" asserts conduct which it claims is sufficiently broad as to be within the coverage provisions of the policy, yet the directive of January 29, 1987 is capable of being interpreted so as to allege only intentional and deliberate conduct. This raises a question of fact which cannot be determined by this motion.
The plaintiff claims, in its memorandum of January 31, 1994 that the term "occurrence", as defined in the Aetna's policies as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured." See policy amendment RCI 00754. If that be so the allegations of the "directive", which appear to allege non-accidental conduct would not necessarily imply conduct of the insured which would be covered by the policy, or to demonstrate that the alleged activity of the insured was potentially covered.
The Court does not credit the contention of the defendant that the cost to correct the contamination damage to the site, if the activity is covered, is not "damage" so as to exclude coverage for the activity.
In summary, the Court finds that the plaintiff has not demonstrated that there is no genuine issue of fact. Consequently, the motion for summary judgment is denied.
L. Paul Sullivan, J.